IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WEST CHAMBERS FIRE AND RESCUE,          )
                                        )
            Plaintiff,                  )
                                        )       CIVIL ACTION NO: _3:07CV758 - MEF_
v.                                      )
                                        )
FORD MOTOR COMPANY, INC.;               )       STATE COURT NO.
NICK LOPER                              )       Chambers County, Ala. Cir. Ct.
                                        )       CV-07-007
            Defendants.                 )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446(b), Defendants Ford Motor Company

("Ford") and Nick Loper ("Loper") (collectively "Defendants"), the only remaining defendants

in this action, file this Notice of Removal of this action from the Circuit Court of Chambers

County, Alabama, where it is now pending as Civil Action Number 07-007, to the United States

District Court for the Middle District of Alabama, Eastern Division.  In support of this Notice of

Removal, Defendants state as follows:

1.      Plaintiff West Chambers Fire and Rescue ("Plaintiff") commenced this action on

January 11, 2007, by the filing of a summons and complaint in the Circuit Court of Chambers

County, Alabama, asserting claims against Defendants and former defendant Mike Patton

Motors, Inc. ("Mike Patton").  A copy of the original complaint is attached hereto as Exhibit A.

2.      Plaintiff is, and at all relevant times has been, a volunteer fire department

established in accordance with Alabama law that is located in Chambers County, Alabama.  Ex.

A ¶ 1.  For purposes of diversity of citizenship, Plaintiff is considered a citizen of the State of Alabama.

3.      Former defendant Mike Patton is, and at all relevant times has been, a corporation organized under the laws of the State of Alabama with its principal place of business in Opelika, Alabama.  *See* Ex. A ¶ 2.  For purposes of diversity of citizenship, former defendant Mike Patton is considered a citizen of the State of Alabama.  28 U.S.C. § 1332(c)(1).

4.      Ford is, and at all relevant times has been, a corporation organized under the laws of the State of Delaware with its principal place of business in Dearborn, Michigan.  *See* Ex. A ¶ 3.  For purposes of diversity of citizenship, Ford is considered a citizen of the State of Delaware and the State of Michigan.  28 U.S.C. § 1332(c)(1).

5.      Loper is, and at all relevant times has been, an individual resident citizen of the State of Georgia. *See* Ex. A ¶ 4.  For purposes of diversity of citizenship, Loper is considered a citizen of the State of Georgia.

6.      The original complaint states a variety of causes of action against the three named defendants, all of which relate to alleged problems Plaintiff experienced with a motor vehicle that was subject to an express warranty issued by Ford.  *See generally* Ex. A.  Plaintiff's original complaint specifically alleges that Loper committed fraud with respect to the vehicle in question, *see id.*, Count I; that Ford and Loper committed fraudulent suppression with respect to the vehicle in question, *see id.*, Count II; that Ford breached the applicable express warranty, *see id.*,

Count III; and that the three named defendants were generally liable for breach of contract and other torts. *See id.*, Counts IV-VI. Plaintiff seeks unspecified compensatory and punitive damages in the original complaint. *See generally id.*

7.    On or about February 20, 2007, Defendants jointly responded to the original complaint by way of general denial answer. *See* Ex. B.

8.    Shortly after Defendants answered the original complaint, their counsel contacted counsel for Plaintiff to obtain an early settlement demand. By letter dated February 27, 2007, Plaintiff's counsel submitted a demand of $125,000. *See* Ex. D, p. 1.

9.    On or about May 18, 2007, Plaintiff filed an amended complaint. *See* Ex. C. The amended complaint adopted all of the allegations of the original complaint as if fully set forth therein. *See id.* ¶ 1. In addition, the amended complaint set forth new factual allegations and new causes of action exclusively against Mike Patton. *See generally id.*

10.    On or about May 23, 2007, former defendant Mike Patton filed a motion seeking dismissal of the original complaint and amended complaint pursuant to Rule 12(b)(3), (4) & (6) of the Alabama Rules of Civil Procedure and/or transfer of venue to the Circuit Court of Lee County, Alabama, which it thereafter supplemented on June 6, 2007. *See generally* Ex. E.

11.    After Defendants' counsel submitted a counteroffer to Plaintiff on May 30, 2007, *see* Ex. D, pp. 3-4, counsel for Plaintiff, on June 8, 2007, conveyed a reduced settlement offer in

the amount of $85,000. *See id.* p. 5.

12.    The circuit court scheduled a hearing on former defendant Mike Patton's motion to dismiss/transfer on July 26, 2007. *See* Ex. F. On the day of such hearing, the court did not rule on such motion. Instead, the court entered an order upon joint motion of Plaintiff and Mike Patton dismissing Mike Patton as a party without prejudice. *See* Ex. G.

13.    As originally filed, the underlying action was not removable pursuant to 28 U.S.C. § 1441(a) because "original jurisdiction" was facially lacking, in that the original complaint included exclusively state-law claims and diversity of citizenship was lacking between Plaintiff and former defendant Mike Patton, both of which are Alabama citizens. *See* Ex. A ¶¶ 1-2. The underlying action was further not removable pursuant to 28 U.S.C. § 1441(b) because one of the named defendants, Mike Patton, "[wa]s a citizen of the State in which such action [wa]s brought."

14.    As result of Plaintiff's voluntary dismissal of former defendant Mike Patton, complete diversity now exists between Plaintiff, who is a citizen of Alabama, and remaining defendants Ford and Loper, who are citizens of Michigan/Delaware and Georgia, respectively,

15.    Whether § 1332 diversity jurisdiction now exists thus depends upon whether the amount in controversy is satisfied. The familiar § 1332 standard requires the amount in controversy to "exceed[] the sum or value of $75,000, exclusive of interest and costs."

16.    Plaintiff failed to include a specific demand for damages in either the original or amended complaint. *See generally* Exs. A & C.  In such circumstances, Defendants bear the burden to prove that it is more likely than not that the amount in controversy exceeds $75,000. *See Moss v. Voyager Ins. Cos.*, 43 F. Supp. 2d 1298, 1301 (M.D. Ala. 1999) ("[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement.") (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996)) (second alteration in original).

17.    The preponderance of evidence in this case unquestionably shows an amount in controversy exceeding $75,000, exclusive of interest and costs.  Both the original and amended complaint seek compensatory and punitive damages pursuant to, *inter alia*, claims of fraud and suppression under Alabama law. *See* Ex. A, Counts I & II; Ex. C ¶ 1 (adopting all allegations of original complaint).  As noted above, defense counsel solicited and obtained an early settlement demand from Plaintiff's counsel in the amount of $125,000. *See* Ex. D, p. 1.  Plaintiff's demand reflected a view that Ford had deceitfully attempted to "distance itself" from a known defect that had previously been repaired in thousands of vehicles. *See id.*  Counsel opined "very strongly that a Chambers County jury would be very harsh to Ford in this lawsuit" and attached a list of verdicts from the local venue to "help [Defendants] understand the type of verdict that is possible in a case of this nature." *See id.*, pp.1-2.  The representative verdicts ranged from "$35,000 in auto collision with no meds and only one (1) trip to the emergency room" to "$17,530,000 against Liberty National - in fraud case," with ten of fourteen verdicts exceeding $1 million. *Id.*, p. 2.

18.     Defense counsel's response to the demand expressed "view of this case is vastly different from yours" and questioned whether opposing counsel's "view [wa]s simply posturing in an effort to 'talk up' the settlement value." *See id.*, p. 3. In submitting a $3,500 counteroffer, counsel explained in detail Defendants' view that no viable case existed. *See id.*, pp.3-4.

19.     Opposing counsel's response informed defense counsel that the parties "have very different opinions as to whether or not [the case] can be pursued successfully." *See id.*, p. 5. Having expressed the "belie[f] that this case is very solid," Plaintiff's counsel extended a reduced settlement demand of $85,000. *See id.*

20.     Under the circumstances of this case, where Plaintiff's counsel has persisted in demanding more than $75,000 to settle, has identified numerous multimillion dollars verdicts that he deems as representative, and has expressed confidence in his ability to secure in excess of the jurisdictional amount before a local jury, the evidence preponderates that the minimum amount in controversy is met. *See, e.g., Golden Apple Mgm't Co. v. GEAC Computers, Inc.*, 990 F. Supp. 1364, 1368 (M.D. Ala. 1998) (Carroll, M.J.) (finding $105,432 demand letter that "offer[ed] a reasonable assessment of the value of [plaintiff's]claim" was sufficient evidence to put defendant on notice that amount in controversy was met).

21.     Because § 1332 jurisdiction now exists, this case is removable to the United States District Court for the Middle District of Alabama, Eastern Division, pursuant to § 1441(a). Defendants' removal is timely filed within thirty days of receiving the circuit court's July 26,

2007 order dismissing the non-diverse defendant (Ex. G). *See* 28 U.S.C. § 1446(b).[1]

22.     Defendants' right to remove is not defeated by the "voluntary-involuntary rule" because the dismissal of non-diverse defendant Mike Patton resulted from Plaintiff's voluntary agreement to dismiss its claims against Mike Patton, as reflected in the July 26, 2007 dismissal order (Ex. G). *See Barron v. Werner Enters., Inc.*, 462 F. Supp. 2d 1217, 1219 (M.D. Ala. 2006) ("Under the voluntary-involuntary rule, a case can be removed under diversity jurisdiction if the 'resident defendant was dismissed from the case by the voluntary act of the plaintiff, but if the dismissal was the result of either the defendant's or the court's action against the wish of the plaintiff, the case could not be removed.'") (quoting *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967)).

23.     Copies of all process, pleadings and orders served upon defendants in this case are attached in the evidentiary exhibit hereto pursuant to 28 U.S.C. § 1446(a). *See* Exs. A, C, E, F, & G. The necessary filing fee has been paid with this notice of removal.

24.     Notice to the Circuit Court of Chambers County of this removal has been provided and a copy of the notice is attached as Exhibit H.

25.     Notice to Plaintiff of this removal has been provided and a copy of the notice is attached as Exhibit I.

---

[1] Section 1446(b) relevantly provides: "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an … order … from which it may first be ascertained that the case … has become removable …."

WHEREFORE, PREMISES CONSIDERED, defendants Ford Motor Company and Nick Loper pray that this Court will consider this notice of removal as provided by laws governing the removal of cases to this Court; that this Court will make the proper order to achieve the removal of this cause from the Circuit Court of Chambers County, Alabama, to this Court and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the Circuit Court of Chambers County, Alabama.

Floyd D. Gaines (GAI009)
Andrew P. Walsh (WAL170)
Attorneys for Defendants

OF COUNSEL:

GAINES LLC
2100 Morris Avenue
Post Office Box 395
Birmingham, Alabama 35203
Telephone: (205) 320-2800
Facsimile:   (205) 320-2811

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by first class, United States Mail, postage prepaid and properly addressed on this the _23ʳᵈ_ day of August, 2007 as follows:

                  Nicholas Wooten, Esq.
                  Firm Wooten Law Firm, P.C.
                  P.O. Drawer 290
                  Lafayette , AL 36862

                  Charles W. Story, Circuit Clerk (w/o Exhibits)
                  Chambers County Courthouse
                  2 Lafayette Street
                  LaFayette, Alabama 36862

                  OF COUNSEL

# **Exhibit A**

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | |
|---|---|
| WEST CHAMBERS FIRE AND RESCUE | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. $CV07-007$ |
| v. | ) |
| | ) |
| | ) |
| MIKE PATTON MOTORS, INC., | ) |
| FORD MOTOR COMPANY, INC., | ) |
| NICK LOPER | ) |
| | ) |
| Defendants. | ) |

### SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO: **Ford Motor Company**
**c/o The Corporation Company**
**2000 Interstate Park Drive Ste. 204**
**Montgomery, AL 36109**

### NOTICE TO DEFENDANTS

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the complaint, to Nicholas H. Wooten, the lawyer for the Plaintiff, whose address is 10 Second Ave. S.W., P.O. Box 290, LaFayette, Alabama 36862.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

_Charles W Story_
CLERK OF COURT

DATE: _01-12-07._

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA



WEST CHAMBERS FIRE AND RESCUE )

Plaintiff,

v.

MIKE PATTON MOTORS, INC.,
FORD MOTOR COMPANY, INC.,
NICK LOPER

Defendants.

Civil Action No. _CV07-007_

FILED IN OFFICE THIS

JAN 1 1 2007

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

## COMPLAINT

### Parties

1. The Plaintiff, West Chambers Fire and Rescue, is a volunteer organization formulated for the purpose of civil service, located in Chambers County, Alabama.

2. The Defendant, Mike Patton Motors, Inc., is a corporation incorporated and doing business in Lee County, Alabama.

3. The Defendant, Ford Motor Company, Inc., is a multi-national corporation with its domestic headquarters located in Dearborn, Michigan. Ford Motor Company manufactures automobiles that are sold in every state of the United States, including Alabama.

4. The Defendant, Nick Loper, is over the age of nineteen (19) years and is an agent or representative of Ford Motor Company, located in Atlanta, Georgia.


### Facts

5. The plaintiff, West Chambers, purchased a vehicle which was under warranty by the defendant, Ford Motor Company.

6. The plaintiff began to experience difficulties with the vehicle and attempted to get it fixed by defendant, Mike Patton Motors.

7. When the plaintiff attempted to get the vehicle fixed, it was informed that the warranty was no longer in effect.

8. The defendant, Loper, as an agent of Ford Motor Company, represented to the plaintiff that the necessary repairs were not covered by Ford Motor Company's warranty.

9. The defendant, Loper, informed the plaintiff that the warranty provided by Ford Motor Company would not cover the vehicle because of abuse.

10. The defendants, Loper and Ford Motor Company, failed to disclose to the plaintiff that Ford Motor Company has previously made repairs under warranty for the items that were allegedly the result of abuse.

11. These items, previously covered under the defendant's warranty, led to the motor's ultimate failure.

12. The representations made by the defendant, Loper, were relied upon by the plaintiff.

13. The defendant's representations were false and he knew they were false or he made the representations willfully to deceive, recklessly without knowledge or by innocent mistake.

14. The plaintiff purchased the vehicle under the impression that it was warranted by the defendant, Ford Motor Company, and has since suffered complications with the vehicle to its detriment.

## COUNT I
### FRAUD

15. Plaintiff reavers and realleges the averments contained in the preceding paragraphs of the complaint as set forth hereinabove.

16. This action is brought pursuant to *Alabama Code Section 6-5-101.*

17. The defendant, Loper, fraudulently represented to the plaintiff that the vehicle was not covered by its warranty from Ford Motor Company.

18. The plaintiff was damaged as a direct and proximate result of the defendant's misrepresentations.

19. The defendant misrepresented the material facts willfully to deceive, recklessly without knowledge or by innocent mistake causing the plaintiff to act to its detriment and is guilty of legal fraud

WHEREFORE, PREMISES CONSIDERED, the plaintiff demands judgment against the defendant, for compensatory and punitive damages in an amount to be awarded by a jury of his peers, plus interest and the costs of this matter.

## COUNT II
### FRAUDULENT SUPPRESSION

20. Plaintiff reavers an realleges the averments contained in the preceding paragraphs of the complaint as set forth hereinabove.

21. This action is brought pursuant to *Alabama Code Section 6-5-102.*

22. The defendant, Loper, failed to disclose to the plaintiff that Ford Motor Company had previously made repairs under warranty for the items that he claims were allegedly the result of abuse.

23. The defendants, Loper and Ford Motor Company, knowingly suppressed material information and knowledge that they had previously provided warranty coverage for these items for the following reasons

    a. to induce the plaintiff to make repairs that should have been covered by the defendant's warranty and

    b. to attempt to force the plaintiff to assume responsibility for future repairs rightfully due to be covered by the defendant's warranty and

    c. to gain a financial advantage by forcing the plaintiff to assume economic responsibility for a defect known by the defendants to exist in the subject vehicle.

24. The defendants, Loper and Ford Motor Company, had a strict duty to disclose all material facts regarding the warranty to the plaintiff.

25. The defendants, Loper and Ford Motor Company, deliberately failed to disclose the material facts about the warranty to the plaintiff.

26. The defendants', Loper's and Ford Motor Company's, failure to disclose and deliberate suppression of the material facts, caused the plaintiff to suffer complications with its vehicle to its detriment and expense.

27. The defendants', Loper's and Ford Motor Company's, intentional fraudulent suppression of the material facts and deliberate failure to disclose the material facts caused the plaintiff to suffer damages as a proximate result thereof.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the defendants, for compensatory and punitive damages in an amount to be awarded by a jury of its peers plus interests and costs of this matter.

## COUNT III
### EXPRESS WARRANTIES

28. Plaintiff reavers and realleges the averments contained in the preceeding paragraphs of the complaint as set forth hereinabove.

29. At all times material to this complaint, the subject vehicle was under warranty by the defendant, Ford Motor Company.

30. When the plaintiff attempted to repair the vehicle, as guaranteed under the express warranty, the defendants refused.

31. The defendants' failure to honor their express warranty upon a proper request by the plaintiff caused the plaintiff the suffer damages as a proximate result thereof.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the defendants, for compensatory and punitive damages in an amount to be awarded by a jury of its peers plus interests and costs of this matter.

## COUNT IV
### BREACH OF CONTRACT

32. Plaintiff reavers and realleges the averments contained in the preceeding paragraphs of the complaint as set forth hereinabove.

33. At the time the plaintiff purchased the vehicle, the defendants included in the sales contract an express warranty.

34. The defendants have breached the express warranty, therefore breaching the contract.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the defendants, for compensatory and punitive damages in an amount to be awarded by a jury of its peers plus interests and costs of this matter.

## COUNT V
### NEGLIGENCE/WANTONESS

35. Plaintiff reavers and realleges the averments contained in the preceeding paragraphs of the complaint as set forth hereinabove.

36. The defendants failed to exercise reasonable and ordinary care in the operation of their business by making negligent and/or wanton representations about the vehicle, negligently and/or wantonly suppressing material facts known to them about the vehicle, negligently and/or wantonly manufacturing the vehicle, negligently and/or wantonly repairing or failing to repair said vehicle, and failing to act on their express warranties, causing the plaintiff to suffer damages as a proximate result of their negligence.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the defendants, for compensatory and punitive damages in an amount to be awarded by a jury of its peers plus interests and costs of this matter.

## COUNT VI
### PRODUCTS LIABILITY

37. Plaintiff reavers and realleges the averments contained in the preceeding paragraphs of the complaint as set forth hereinabove.

38. Plaintiff avers that defendants violated the Alabama Extended Manufacturer's Liability Doctrine concerning the vehicle in question and that such violation caused the damages complained of herein.

39. On or about June 12, 2005, and for some time prior thereto, said defendants were engaged in the business of designing, manufacturing, assembling, selling, and/or distributing vehicles, such as the one the plaintiff purchased for the operation of its Fire and Rescue Department, in the State of Alabama, for use by certain members of the general public.

40. Said defendants, during said period of time and for a valuable consideration, designed, manufactured, assembled, sold and/or distributed said vehicle which said vehicle caused the damage complained of herein.

41. At said time and place, the vehicle which was expected to and did reach the ultimate user without substantial change in the condition in which they were designed, manufactured, assembled, sold and/or distributed, was being used in a foreseeable manner by the plaintiff. The vehicle was not reasonably fit for use in its foreseeable manner but, to the contrary, was defective and caused the damages complained of herein. The vehicle and its condition as designed, manufactured, assembled, sol, and/or distributed violated the Alabama Extended Manufacturer's Liability Doctrine.

42. The aforedescribed defendants knew or in the exercise of reasonable care should have known that said vehicle was defectively manufactured for use in its foreseeable manner.

43. The foregoing wrongful conduct of the defendants was the proximate cause of the damages sustained by the plaintiff and renders the defendants liable to the plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the defendants, for compensatory and punitive damages in an amount to be awarded by a jury of its peers plus interests and costs of this matter.

Nicholas Wooten (WOO084)
Attorney for Plaintiff

Wooten Law Firm, P.C.
P.O. Drawer 290
Lafayette, AL 36862
(334)-864-2132

## JURY DEMAND

Plaintiff hereby demands a trial by struck jury.

OF COUNSEL

**PLAINTIFF'S ADDRESS**

West Chambers Fire and Rescue
26191 Veterans Memorial Pkwy
Camphill, AL 36850

**SERVE DEFENDANTS BY CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:**

Mike Patton Motors, Inc.
801 Columbus Pkwy
Opelika, AL 36801

Ford Motor Company
P.O. Box 6248
Dearborn, MI 48126

Nick Loper
Ford Customer Service Division
1455 Lincoln Pkwy
Suite 520
Atlanta, GA 30346

**PLEASE SERVE SUMMONS AND COMPLAINT, TOGETHER WITH ALL DISCOVERY, BY CERTIFIED MAIL.**

# Exhibit B

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

WEST CHAMBERS FIRE AND RESCUE, )
                                           )

           **Plaintiff,**               )

                                           ) ~~CIVIL ACTION NO: CV 07-~~007

**v.**                                        )

                                           )

**MIKE PATTON MOTORS, INC.;**   )
**FORD MOTOR COMPANY, INC.;**   )
**NICK LOPER**                           )

                                           )

         **Defendants.**            )



FILED IN OFFICE THIS

FEB 2 0 2007

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

### ANSWER AND AFFIRMATIVE DEFENSES OF
### DEFENDANTS FORD MOTOR COMPANY AND NICK LOPER

COME NOW Defendants Ford Motor Company ("Ford") and Nick Loper ("Loper") (collectively "Defendants"), and in Answer to the Complaint heretofore filed in this action by Plaintiff West Chambers Fire and Rescue, respectfully states the following:

### RESPONSES TO ALLEGATIONS IN COMPLAINT

Defendants deny each and every material allegation set out in the Complaint and demand strict proof thereof. Unless specifically and expressly admitted herein, each and every material allegation set out in the Complaint is hereby denied.

### AFFIRMATIVE DEFENSES

### First Defense

Defendants plead the general issue.

## Second Defense

Plaintiff failed to provide a reasonable opportunity to repair any alleged defect or defective condition.

## Third Defense

Except as expressly admitted herein, Defendants deny all of the allegations contained in the Complaint.

## Fourth Defense

Plaintiff has failed to state a claim against Defendants for which relief can be granted.

## Fifth Defense

Defendants deny that they proximately caused any of the damages alleged in the Complaint.

## Sixth Defense

Defendants deny that Plaintiff is entitled to damages of the nature, type, and amount sought in the Complaint, including attorney's fees.

## Seventh Defense

Plaintiff has failed to state a cause of action against Ford because Plaintiff has failed to suffer any damage as a result of the alleged conduct of Ford.

## Eighth Defense

Plaintiff has failed to mitigate its damages.

## Ninth Defense

One or more of Plaintiff's claims are barred by abuse, neglect, and/or unauthorized modification or alteration.

## Tenth Defense

Some or all of Plaintiff's claims are barred by Alabama's economic loss rule.

## Eleventh Defense

Defendants deny that their conduct was in any way intentional, gross, oppressive, atrocious, unacceptable or malicious.

## Twelfth Defense

Plaintiff has failed to comply with conditions precedent or legal requirements, such as notice, required to maintain this action under the several theories of recovery.

## Thirteenth Defense

There is an absence of privity required to maintain recovery under the various counts wherein privity is required.

## Fourteenth Defense

Ford at all times fully complied with all of its warranty obligations to Plaintiff.

## Fifteenth Defense

Some or all of the claims asserted are barred by the written terms of the warranties themselves.

## Sixteenth Defense

One or more of Plaintiff's claims is barred by the applicable statute of limitations.

## Seventeenth Defense

Defendants plead that the transactions alleged were voluntarily undertaken by Plaintiff, that Plaintiff had the opportunity, if not the obligation, to read all documents presented to or signed by Plaintiff, that the terms of the warranties were fully disclosed to Plaintiff, and that Plaintiff knowingly entered into the transaction, having either understood the transaction or having failed to avail itself of the opportunity to understand the transaction.

## Eighteenth Defense

Plaintiff's claims are barred by the contract language in the various contracts, deeds, warranties, and other documents in the claims of title under which the Plaintiff must proceed in this action.

## Nineteenth Defense

Defendants deny that they performed any wrongful act to the detriment of Plaintiff.

**Twentieth Defense**

Defendants deny that they are responsible for any alleged act or omission of any other person or party.

**Twenty-First Defense**

Ford has complied with all relevant federal and state requirements regarding the transactions that are the subject of this lawsuit.

**Twenty-Second Defense**

Any demand for consequential or incidental damages is barred by remedy limitation language included in the written warranty at issue.

**Twenty-Third Defense**

Plaintiff has failed to plead all of the elements necessary to state a cause of action for fraud under Alabama law.

**Twenty-Fourth Defense**

Defendants were under no duty to disclose any information to Plaintiff.

**Twenty-Fifth Defense**

Defendants deny that Plaintiff detrimentally relied on any act, statement, or omission allegedly attributed to Defendants.

**Twenty-Sixth Defense**

Any reliance by Plaintiff on any alleged representation by Defendants was not reasonable.

**Twenty-Seventh Defense**

Plaintiff is not entitled to punitive damages from Defendants, pursuant to the facts, as alleged in the Complaint.

**Twenty-Eighth Defense**

Defendants deny that they are guilty of conduct referable to which punitive damages could or should be awarded and deny that Plaintiff has produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against Defendants.

**Twenty-Ninth Defense**

Plaintiff cannot recover punitive damages against Defendants because such an award, which is penal in nature, would violate Defendants' constitutional rights protected under the Alabama Constitution of 1901, as amended ("the Alabama Constitution"), and the Constitution of the United States ("the United States Constitution"), unless Defendants is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

**Thirtieth Defense**

Subjecting Defendants to, or affirming an award of punitive damages against Defendants, in this case, would amount to and constitute a denial of due process, as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and by the Due Process Clause of Article 1, § 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

(a) any award of punitive damages against Defendants under the evidence in this case would necessarily be based upon an evidentiary standard no higher or more than a standard of simple negligence, and not upon a standard of proof beyond a reasonable doubt; (b) there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits; (c) use of the Alabama Pattern Jury Instruction 11.03 in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages; (d) any punitive damage award would not be subject to post-trial and appellate review on the basis of suitable and sufficient objective standards and criteria; (e) the power and authority imposed upon the jury under Alabama law as to the amount of a punitive damages award is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages; (f) under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and Defendants' alleged wrongful or culpable conduct; (g) under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition

or allowance of punitive damages; (h) under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages, as relates or compares to the assessment of compensatory damages, or amount of compensatory damages; (i) an award of punitive damages may be assessed against a principal for unauthorized acts of its agent or agents without any additional requirement of knowledge or fault on the part of the principal; (j) an award of punitive damages may be assessed vicariously against a principal, without any further proof of independent wrongful conduct or ratification by the principal; (k) Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts; (l) the procedures pursuant to which punitive damages are awarded fail to provide a means for awarding separate judgments against alleged joint tortfeasors; (m) the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendants; (n) the procedures, pursuant to which punitive damages are awarded, are unconstitutionally vague; and (o) an award of punitive damages would constitute an arbitrary and capricious taking of property of Defendants without due process of law.

### Thirty-First Defense

To award punitive damages against Defendants in this case would have a chilling effect upon Defendants' right to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

### Thirty-Second Defense

Imposition of punitive damages in this case against Defendants would contravene the

Commerce Clause of the United States Constitution, in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

### Thirty-Third Defense

To award punitive damages against Defendants in this case would violate the excessive fines provision of the Eighth Amendment to the United States Constitution and Art. I, § 15 of the Alabama Constitution.

### Thirty-Fourth Defense

In the event, and to the extent that, the award of punitive damages, or the amount of the award of punitive damages, under Alabama practice and procedure, is deemed to be covered by Alabama Code § 6-11-20 (1975), then, and, to that extent, said section violates the Alabama Constitution and the United States Constitution, separately and severally, based upon the grounds enumerated and set forth in the forgoing paragraphs.

### Thirty-Fifth Defense

Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria that would govern the award, and the amount of the award, of punitive damages, Defendants are denied equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, §§ 1, 6, and 22 of the Alabama Constitution, separately and severally.

### Thirty-Sixth Defense

Defendants aver that Alabama Code § 8-8-10 (1975) is unconstitutional, as it applies to

the imposition of post-judgment interest to a punitive damages award.

### Thirty-Seventh Defense

The imposition of punitive damages against Defendants for the conduct alleged in the Complaint is prohibited by *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996) and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (U.S. 2003).

### Thirty-Eighth Defense

Defendants adopt by reference any and all defenses, criteria, limitations, and standards mandated by the Supreme Court of the United States, in *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996) and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (U.S. 2003).

### Thirty-Ninth Defense

Any award of punitive damages in this case is subject to those limitations established by the Alabama Legislature and set forth in Alabama Code § 6-11-21 (1975).

### Fortieth Defense

Plaintiff is not entitled to recover punitive damages pursuant to Alabama Code § 6-11-20 to § 6-11-30 (1975), and thereby any claim for such damages is barred.

### Forty-First Defense

An award of punitive damages in this case would violate the Eighth Amendment of the United States Constitution.

**Forty-Second Defense**

An award of punitive damages in this case is limited or precluded by the Alabama Supreme Court's decision in *Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001).

**Forty-Third Defense**

Plaintiff is not entitled to a trial by jury on its demand for punitive damages.

**Forty-Fourth Defense**

Plaintiff's claims for punitive damages are not properly triable to a jury for the reasons set forth in *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001) and *Acceptance Ins. Co. v. Brown*, 832 So. 2d 1, 24 (Ala. 2001).

**Forty-Fifth Defense**

Plaintiff's claims are subject to the limitations and protections of Alabama Code § 6-11-27 (1975).

**Forty-Sixth Defense**

The Circuit Court of Chambers County is an improper venue for this action.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor; dismiss the Complaint with prejudice; award Defendants their costs, including reasonable attorney's fees; and enter such other and further relief as the Court deems just and proper.

Floyd D. Gaines (GAI009)
Andrew P. Walsh (WAL170)
Attorneys for Ford Motor Company

OF COUNSEL:

GAINES LLC
2100 Morris Avenue
Post Office Box 395
Birmingham, Alabama 35203
Telephone: (205) 320-2800
Facsimile:   (205) 320-2811

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by first class, United States Mail, postage prepaid and properly addressed on this the _____ day of February, 2007 as follows:

Nicholas Wooten, Esq.
Firm Wooten Law Firm, P.C.
P.O. Drawer 290
Lafayette , AL 36862

OF COUNSEL

# Exhibit C

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

|  |  |
|---|---|
| **WEST CHAMBERS FIRE AND RESCUE** | ) |
| **Plaintiff,** | ) |
| **v.** | ) Civil Action No. C V 01-07 |
| **MIKE PATTON MOTORS, INC.,** | ) |
| **FORD MOTOR COMPANY, INC., and** | ) |
| **NICK LOPER** | ) |
| **Defendants.** | ) |

FILED IN OFFICE THIS

MAY 1 8 2007

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

### PLAINTIFF'S FIRST AMENDED COMPLAINT

Comes now the plaintiff and files herewith his first amended complaint.

1. The Plaintiff, West Chambers Fire and Rescue, realleges its previous complaint and adopts the same in full in this pleading.

### ADDITIONAL STATEMENT OF FACTS

2. The Defendant, Mike Patton Motors, Inc., is a corporation incorporated and doing business in Lee County, Alabama which as part of its business, provides parts and services to persons who purchased Ford vehicles either at its place of business or at some other place of business.

3. As part of its business, Mike Patton (hereinafter "Patton") gained particularized knowledge with respect to the operations of Ford Motor Company particularly with respect to its service and warranty operations.

4. As part of that particularized knowledge, Patton learned that certain Ford vehicles equipped with the motor type owned by the Plaintiff, had a high degree of engine failures associated with and proximately caused by dust, dirt and debris being allowed to bypass the air intake kit due to a failed, broken or cracked air intake housing.

5. When the plaintiff took its vehicle to Patton for warranty work, Patton, due to its particularized knowledge of the specific failures of these engines, knew or should have known that the engine failure was caused by a known defective condition for which

Patton had performed many repairs for Ford Motor Company as part of a recall, service program, silent service program or silent recall.

6.  In spite of its particularized and specific knowledge, in consultation with the other defendant Ford, and with its input and authority, acting as Ford's agent, Patton denied the warranty claims of the plaintiff and failed and refused to make repairs to the vehicle.

7.  Further, Patton entered into Ford's computer system an entry indicating that the subject vehicle was abused and should not be warrantied, thereby denying the plaintiffs the opportunity to have the work completed under warranty by some other dealer.

8.  Patton's actions were wanton, malicious and calculated to cause injury to the plaintiff and did in fact succeed in causing injury to the plaintiff.

9.  Patton, knew or should have known, that Ford had provided warranty repairs to a host of vehicles similarly situated for the same type of problems as Patton refused to repair for the plaintiff.

10. Patton had individualized knowledge of these facts and an independent duty to act and could have chosen to act in the best interest of the plaintiff but instead chose to act in concert with Ford and Loper to deny the plaintiff's valid warranty repairs.

11. The defendant Patton, acting in concert with Loper and Ford Motor Company, failed to disclose to the plaintiff that Ford Motor Company has previously made repairs under warranty for the items that were allegedly the result of abuse.

12. These items, previously covered under the defendant's warranty, led to the motor's ultimate failure.

13. The representations and suppressions made by the defendant, Loper as agent of Ford, were actively participated in by employees, agents and servants of Patton and were relied upon by the plaintiff.

14. Patton took part in and repeated the representations knowing that they were false and knowing that the representations were being made willfully to deceive the plaintiff.

15. Patton's actions coupled with its particularized knowledge of the vehicle in question, the problems with the motor in the vehicle in question, Ford's history of repairing similarly situated vehicles with or without a recall, and Patton's participation in said repairs along with its participation in the program to repair other similarly situated vehicles, along with Patton's active participation in repeating the misrepresentations of Ford and suppressing

the truth with respect to Ford covering these vehicles under warranty caused the plaintiff to suffer damages.

## COUNT VII
## FRAUD BY PATTON

16. Plaintiff reavers and realleges the averments contained in the preceding paragraphs of the complaint as set forth hereinabove.

17. This action is brought pursuant to *Alabama Code Section 6-5-101*.

18. The defendant, Patton, by and through its agents, employees and servants, fraudulently represented to the plaintiff that the vehicle was not covered by its warranty from Ford Motor Company.

19. The plaintiff relied upon those representations to its detriment.

20. The plaintiff was damaged as a direct and proximate result of the defendant's misrepresentations.

21. The defendant misrepresented the material facts willfully to deceive, recklessly without knowledge or by innocent mistake causing the plaintiff to act to its detriment and is guilty of legal fraud

22. As a result the plaintiff was injured and damaged.

WHEREFORE, PREMISES CONSIDERED, the plaintiff demands judgment against the defendant, for compensatory and punitive damages in an amount to be awarded by a jury of his peers, plus interest and the costs of this matter.

## COUNT VIII
## FRAUDULENT SUPPRESSION BY PATTON

23. Plaintiff reavers an realleges the averments contained in the preceding paragraphs of the complaint as set forth hereinabove.

24. This action is brought pursuant to *Alabama Code Section 6-5-102*.

25. The defendant, Patton, acting in concert with and at the direction of Loper and Ford, failed to disclose to the plaintiff that Ford Motor Company had previously made repairs under warranty for the items that the defendants claim were allegedly the result of abuse.

26. The defendants, Patton, Loper and Ford Motor Company acting in concert and with each others approval, knowingly suppressed material information and knowledge that they had previously provided warranty coverage for these items for the following reasons

    a. to induce the plaintiff to make repairs that should have been covered by the defendant's warranty and

    b. to attempt to force the plaintiff to assume responsibility for future repairs rightfully due to be covered by the defendant's warranty and

    c. to gain a financial advantage by forcing the plaintiff to assume economic responsibility for a defect known by the defendants to exist in the subject vehicle.

27. The defendant Patton, had a strict duty to disclose all material facts regarding the warranty to the plaintiff.

28. The defendant Patton deliberately failed to disclose the material facts about the warranty to the plaintiff.

29. The defendants Patton's, failure to disclose and deliberate suppression of the material facts within this defendant's particularized knowledge, caused the plaintiff to suffer complications with its vehicle to its detriment and expense.

30. The defendant Patton engaged in intentional fraudulent suppression of the material facts and deliberate failure to disclose the material facts along with Loper and Ford Motor Company thereby causing the plaintiff to suffer damages as a proximate result thereof.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the defendants, for compensatory and punitive damages in an amount to be awarded by a jury of its peers plus interests and costs of this matter.

## COUNT IX
## BREACH OF EXPRESS WARRANTIES BY PATTON

31. Plaintiff reavers and realleges the averments contained in the preceeding paragraphs of the complaint as set forth hereinabove.

32. At all times material to this complaint, the subject vehicle was under warranty by the defendant, Ford Motor Company.

33. Defendant Patton is an authorized dealer of Ford Motor Company and its agent, employee or servant with respect to warranty repairs.

34. When the plaintiff attempted to repair the vehicle, as guaranteed under the express warranty, the defendant Patton refused even though the defendant Patton had particularized knowledge through its relationship with Ford that the subject vehicle was equipped with a motor known to have hundreds or thousands of similar failures for which a recall, silent recall, or warranty program had been specifically designed to address.

35. The defendant Patton's failure to honor their warranty obligations upon a proper request by the plaintiff caused the plaintiff to suffer damages as a proximate result thereof.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the defendants, for compensatory and punitive damages in an amount to be awarded by a jury of its peers plus interests and costs of this matter.

## COUNT X
### NEGLIGENCE

36. Plaintiff reavers and realleges the averments contained in the preceeding paragraphs of the complaint as set forth hereinabove.

37. The defendant Patton had a duty to provide warranty repairs to the plaintiff.

38. The defendant Patton breached their duty by failing to make covered repairs.

39. As a proximate result, the Plaintiff was injured and damaged.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the defendants, for compensatory and punitive damages in an amount to be awarded by a jury of its peers plus interests and costs of this matter.

## COUNT XI
### WANTONNESS

40. Plaintiff reavers and realleges the averments contained in the preceeding paragraphs of the complaint as set forth hereinabove.

41. Plaintiff avers that Patton engaged in wanton conduct by consciously and knowingly deciding not to provide warranty service to the plaintiff knowing that the plaintiff would be injured by Patton's failure to act. Patton's actions were done with reckless indifference to the consequences for the plaintiff.

42. The foregoing wrongful conduct of Patton caused the damages sustained by the plaintiff.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the defendants, for compensatory and punitive damages in an amount to be awarded by a jury of its peers plus interests and costs of this matter.

Done this the _____ day of _____ 2007.

_____
Nicholas Wooten (WOO084)
Attorney for Plaintiff

Wooten Law Firm, P.C.
P.O. Drawer 290
Lafayette, AL 36862
(334)-864-2132

# Exhibit D

# Wooten Law Firm, P.C.

Nick Wooten

## Trial Lawyers

Mailing Address:
P.O. Drawer 290
LaFayette, Alabama 36862

Street Address:
10 Second Avenue S.E.

Tax ID #: 63-1251905
Office: (334) 864-2132
Toll Free 1-877-864-2132
Fax: (334) 864-2133

February 27, 2007

Hon. Floyd D. Gaines
Gaines, LLC
P.O. Box 395
Birmingham, AL 35203

**In re:  West Chambers Fire & Rescue v. Mike Patton Motors, Ford Motor Co, inc., Nick Loper**

Dear Floyd:

Pursuant to our telephone conversation today, please allow this letter to serve as my demand in this case.  As I indicated to you, prior to filing suit, I retained an expert who I expect to testify that the engine failure in the truck was caused by a broken air filter housing which was a known defect with this particular model of which Ford replaced many thousands under warranty.  I expect my expert to be able to relate all of the existing warranty information that we have regarding motor problems to this earlier event.  Because the warranty work that was paid for by Ford took place in north Georgia, our belief is that when the vehicle entered Alabama, Ford Motor Company attempted to distance itself from the vehicle by denying warranty work.  Because we believe that there is ample proof of dishonesty and deceit, we believe very strongly that a Chambers County jury would be very harsh to Ford in the lawsuit.  This is enhanced by the fact that the plaintiff is a volunteer fire department that serves a rural portion of our county.

I have attached for your consideration a list of verdicts in Chambers County since 1994 that have resulted in substantial awards.  This might help your client understand the type of verdict that is possible in a case of this nature.  I would certainly expect any reasonable jury would be likely to find punitive damages in the case.  Therefore, my demand in this case to settle this matter at this time is $125,000.

Once you have discussed this matter with your client, please feel free to contact me.  If your clients wish to discuss the possibility of mediation or other alternative dispute resolution mechanism, please contact me.

Sincerely,

Nick Wooten

## CHAMBERS COUNTY JURY VERDICTS
### (1994 through September 2006)

1.  $2.5 million against Road Building/Construction Company in wrongful death case

2.  $2 million against H&R Block - in fraud case

3.  $17,530,000 against Liberty National - in fraud case

4.  $75,000 against Shoney's/Captain D's - in negligence/wanton case with $1,200 in medicals

5.  $1 million against Road Building Company in wrongful death case

6.  $2 million against LaFarge regarding wanton conduct, trespass and destruction of property

7.  $3 million against Liberty National in fraud case

8.  $465,000 against individual trailer park owner/operator regarding wanton conduct

9.  $215,000 in auto collision case regarding arthroscopic knee surgery with little permanent injury (meds less than $6,500)

10. $1,042,000 against State Farm in fraud/suppression case

11. $1.6 million against Burns & Wilcox Insurance in bad faith case

12. $35,000 in auto collision with no meds and only one (1) trip to the emergency room

13. $2 million against LaFarge in wrongful termination case

14. $2.2 million against American General in Universal Life Insurance Fraud case



**GAINES** LLC

Attorneys and Counselors

*Floyd D. Gaines, Esquire*

*Writer's Direct Dial: 205.320.2812*
*Email: fgaines@gainesllc.com*

May 30, 2007

<u>***FOR SETTLEMENT PURPOSES ONLY***</u>

<u>***BY FACSIMILE ONLY***</u>
Nick Wooten, Esq.
Wooten Law Firm, P. C.
P. O. Box 290
Lafayette, AL 36862

> RE:    West Chambers Fire and Rescue v. Ford Motor Company, et
>        al, In the Circuit Court of Chambers County, Alabama
>        Civil Action Number: CV 2007-007

Dear Nick:

Thank you for forwarding us copies of the sales documents and repair orders in this case. I have had a chance to review that information and the other information in our file concerning this matter. I have also had a chance to review your $125,000 settlement demand and discuss our response with our client. As we have discussed in the past, our view of this case is vastly different from yours. I am not sure if your view is simply posturing in an effort to "talk up" the settlement value, but the facts make it abundantly clear to me that your client has no viable claim against Ford Motor Company or the dealer in this case.

I could go into a lengthy explanation to set out our position, but I doubt if that would change your point of view. What I will point out to you is that your client purchased a five year old used vehicle from an apparent used car lot on February 13, 2006. The vehicle had been driven almost 95,000 miles. In addition, at the time of purchase, there is strong evidence that the vehicle suffered from lack of (or improper) maintenance by the previous owner which apparently caused irreparable damage to the engine. There is absolutely no evidence that there was any contact between Ford and your client or the dealer and your client before the purchase. We could spend the next 6 months and thousands of dollars on discovery and nothing we would learn would change these basic facts.

In an effort to amicably and reasonably resolve this matter, Ford has authorized me to offer your client $3500 to settle this case before we waste a tremendous amount of time and effort on discovery. Nick, I hope that your client will seriously consider accepting this offer. If we go forward with discovery, I think there is more than a very good chance that summary judgment will be granted

Nick Wooten, Esq.
May 30, 2007
Page 2


against your client on all of the claims asserted in the complaint.  Please feel free to call me if you
have any questions or if you need any additional information.  Thank you for your time.

Sincerely,

**GAINES LLC**

Floyd D. Gaines


FDG/jgl


cc:    Andrew P. Walsh, Esq.
       R. Will Holmes, Esq. (By Facsimile Only)



# Wooten Law Firm, P.C.
## Trial Lawyers

Nick Wooten

Mailing Address:
P.O. Drawer 290
LaFayette, Alabama 36862

Tax ID #: 63-1251905
Office: (334) 864-2132
Toll Free 1-877-864-2132
Fax: (334) 864-2133

Street Address:
10 Second Avenue S.E.

June 8, 2007

**VIA US MAIL AND FACSIMILE TO (205) 320-2811**

Hon. Floyd D. Gaines
Gaines, LLC
P.O. Box 395
Birmingham, AL 35203

**In re:  West Chambers Fire & Rescue v. Mike Patton Motors, Ford Motor Co, inc., Nick Loper**

Dear Floyd:

I spoke with my clients and considered your offer.  You are correct that we have very different opinions of this case as to whether or not it can be pursued successfully from my perspective.  I believe that this case is very solid.  Without boring you with the details, my counter-offer is $85,000.

Sincerely,

Nick Wooten

NHW/alc

# Exhibit E

**STATE OF ALABAMA**
Unified Judicial System

Revised 2/14/05

12-CHAMBERS

☐ District Court ☑ Circuit Court

Case

CV200

ELECTRONICALLY FILED
5/23/2007 4:04 PM
CV-2007-000007.00
CIRCUIT COURT OF
CHAMBERS COUNTY, ALABAMA
CHARLES STORY, CLERK

**CIVIL MOTION COVER SHEET**

| | |
|---|---|
| WEST CHAMBERS FIRE & RESCUE -VS- MIKE PATTON MOTORS, INC, ET AL | *Name of Filing Party:* D001 - MIKE PATTON MOTORS, INC. |

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

RICHARD HOLMES
P.O. BOX 4804
MONTGOMERY, AL 36103

*Attorney Bar No.:* HOL124

☑ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| | ☐ Continue |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Extension of Time |
| | ☐ In Limine |
| ☐ Other _____ | ☐ Joinder |
| pursuant to Rule _____ ($50.00) | ☐ More Definite Statement |
| | ☑ Motion to Dismiss pursuant to Rule 12(b) |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| ☐ Local Court Costs $ _____ | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | Date: 5/23/2007 4:02:52 PM | Signature of Attorney or Party: /s RICHARD HOLMES |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.



ELECTRONICALLY FILED
5/23/2007 4:04 PM
CV-2007-000007.00
CIRCUIT COURT OF
CHAMBERS COUNTY, ALABAMA
CHARLES STORY, CLERK

**IN THE CIRCUIT COURT OF**
**CHAMBERS COUNTY, ALABAMA**

| | | |
|---|---|---|
| WEST CHAMBERS FIRE AND RESCUE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. CV-07-07 |
| MIKE PATTON MOTORS, INC., FORD MOTOR COMPANY, INC., NICK LOPER | ) ) ) ) | ORAL ARGUMENT REQUESTED |
| Defendants. | ) ) ) | |

**MOTION TO DISMISS AND/OR MOTION TO TRANSFER VENUE OF**
**DEFENDANT MIKE PATTON MOTORS, INC.**

**COMES NOW** Defendant Mike Patton Motors, Inc., by and through its undersigned attorneys, without waiving any arbitration agreement that may exist under any and all contracts between the parties, and moves this Honorable Court to dismiss Plaintiff's Complaint, as amended, and each Count contained therein, separately and severally, or in the alternative, to transfer venue of the case to the Circuit Court of Lee County, Alabama. In support of this motion, Defendant sets forth the following grounds, to wit:

**PLAINTIFF'S COMPLAINT**

1.    Defendant Mike Patton Motors, Inc., asserts Plaintiff's Complaint is due to be dismissed for insufficiency of process or insufficiency of service of process pursuant to Rule 12(b)(4) and (b)(5) of the Alabama Rules of Civil Procedure.

2.    Plaintiff's Complaint and each count and cause contained therein, separately and severally, is due to be dismissed or venue transferred based upon improper venue in

that the Circuit Court of Chambers County, Alabama is not a proper venue for this action pursuant to § 6-3-7, 1975 Alabama Code, Rule 82 of the **Alabama Rules of Civil Procedure**, and Ex parte Suzuki Mobile, Inc., 940 So. 2d 1007 (Ala. 2006). No part of the events or omissions giving rise to this claim occurred in Chambers County. Ex parte Suzuki Mobile, Inc., 940 So. 2d 1007 (Ala. 2006). Defendant Mike Patton Motors principal place of business is in Opelika, Alabama. Defendant Mike Patton Motors, Inc. does not do business by agent in Chambers County.

3.    Defendant, Mike Patton Motors, Inc., asserts that venue is improper in the Circuit Court of Chambers County, Alabama, and that Plaintiff's Complaint and each count and course thereof, separately and severally, are due to be dismissed, or alternatively, that venue of this action should be transferred to the Circuit Court of Lee County, Alabama, based on the doctrine of *forum non conveniens* pursuant to § 6-3-21.1 of the Alabama Code, 1975, for the convenience of the parties and/or in the interests of justice.

4.    Plaintiff's Complaint and each count and cause contained therein, separately and severally, fails to state a cause of action against Defendant Mike Patton Motors, Inc., upon which relief can be granted.

5.    Count 1 of the Complaint allegedly asserting a claim for fraud fails to state a cause of action against this Defendant upon which relief may be granted  *Inter alia*, the complaint fails to allege any statements of fact or representations made by an identified employee of this Defendant to Plaintiff  In the alternative, the Complaint fails to plead fraud with the specificity required by Rule 9 of the Alabama Rules of Civil Procedure.

6.    Count 2 of the Complaint allegedly asserting a claim for fraudulent

2

suppression fails to state a cause of action against this Defendant upon which relief may be granted. *Inter alia*, the complaint fails to allege that any identified employee of this Defendant suppressed or failed to disclose any material facts. In the alternative, the Complaint fails to plead fraud with the specificity required by Rule 9 of the <u>Alabama Rules of Civil Procedure</u>.

7.    Count 3 of the Complaint allegedly asserting a claim for breach of express warranty fails to state a cause of action against this Defendant upon which relief may be granted.

8.    Count 4 of the Complaint allegedly asserting a claim for breach of contract fails to state a cause of action against this Defendant upon which relief may be granted. *Inter alia*, Count 4 is due to be dismissed because there is no privity of contract between Plaintiff and this Defendant.

9    Count 5 of the Complaint allegedly asserting claims for negligence and wantonness fails to state causes of action against this Defendant upon which relief may be granted. *Inter alia*, there was no legal duty owed or existing between this Defendant and Plaintiff.

10.    Count 6 of the Complaint allegedly asserts a claim for products liability under the Alabama Extended Manufacturer's Liability Doctrine (A.E.M.L.D.) and fails to state a cause of action against this Defendant upon which relief may be granted. *Inter alia*, Plaintiff's complaint fails to allege any nexus between this Defendant and the designing, manufacturing, assembling, selling or distribution of the subject vehicle.

3

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

11.    Defendant Mike Patton Motors, Inc., asserts Plaintiff's Complaint is due to be dismissed for insufficiency of process or insufficiency of service of process pursuant to Rule 12(b)(4) and (b)(5) of the Alabama Rules of Civil Procedure.

12.    Count 7 of the Complaint allegedly asserting a claim for fraud fails to state a cause of action against this Defendant upon which relief may be granted.  In the alternative, the Complaint fails to plead fraud with the specificity required by Rule 9 of the Alabama Rules of Civil Procedure.

13.    Count 8 of the Complaint allegedly asserting a claim for fraudulent suppression fails to state a cause of action against this Defendant upon which relief may be granted.  In the alternative, the Complaint fails to plead fraud with the specificity required by Rule 9 of the Alabama Rules of Civil Procedure.

14.    Count 9 of the Complaint allegedly asserting a claim of breach of express warranties fails to state a cause of action against this Defendant upon which relief may be granted.  *Inter alia*, the Complaint fails to allege that there was an express warranty extended by this Defendant.

15.    Count 10 of the Complaint allegedly asserting a claim for negligence fails to state a cause of action against this Defendant upon which relief may be granted. *Inter alia*, there was no legal duty owed or existing between this Defendant and Plaintiff.

16.    Count 11 of the Complaint allegedly asserting a claim for negligence fails to state a cause of action against this Defendant upon which relief may be granted. *Inter alia*, there was no legal duty owed or existing between this Defendant and Plaintiff.

4

17    Defendant Mike Patton Motors, Inc. reserves the right to amend and/or supplement this motion.

18.    At this time Defendant Mike Patton Motors, Inc.,does not waive and hereby asserts, preserves and reserves any and all rights to mandatory arbitration contained in any agreement or contract that may exist between the parties.

**WHEREFORE**, these premises considered, Defendant Mike Patton Motors, Inc., by and through its undersigned counsel, respectfully requests this Honorable Court to set for hearing this motion and to dismiss the Complaint of Plaintiff and each count contained therein, separately and severally,  or alternatively, to transfer venue of this action to the Circuit Court of Lee County, Alabama.

Dated this _23rd_ day of ___May___, 2007.

_____
ROGER S. MORROW (MOR032)


_____
R. WILL HOLMES (HOL124)
**ATTORNEYS    FOR    DEFENDANT    MIKE PATTON MOTORS, INC.**


**OF COUNSEL:**

**MORROW, ROMINE & PEARSON, P. C.**
**122 South Hull Street**
**P. O. Box 4804**
**Montgomery, Alabama 36103-4804**
**Telephone:  (334) 262-7707**
**Facsimile:   (334) 262-7742**

5

**DEFENDANT REQUESTS ORAL ARGUMENT ON THIS MOTION.**

_____
OF COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by electronic transmission, facsimile and placing a copy of the same in the United States mail, first class postage prepaid on this the 23rd day of _____May_____, 2007.


Hon. Nicholas Wooten
WOOTEN LAW FIRM, P.C.
P.O. Drawer 290
Lafayette, AL 36862
Facsimile: 334-864-2133

Hon. Floyd D. Gains
Hon. Andrew P. Walsh
GAINES, LLC
2100 Morris Avenue
Post Office Box 395
Birmingham, AL 35203
Facsimile: (205) 320-2811


_____
OF COUNSEL

6

| STATE OF ALABAMA<br>Unified Judicial System | Revised 2/14/05 | Case |
|---|---|---|
| 12-CHAMBERS    ☐ District Court  ☑ Circuit Court | | CV200 |

ELECTRONICALLY FILED<br>6/6/2007 10:39 AM<br>CV-2007-000007.00<br>CIRCUIT COURT OF<br>CHAMBERS COUNTY, ALABAMA<br>CHARLES STORY, CLERK

| WEST CHAMBERS FIRE & RESCUE -VS- MIKE PATTON MOTORS, INC, ET AL | **CIVIL MOTION COVER SHEET**<br>Name of Filing Party: D001 - MIKE PATTON MOTORS, INC. |
|---|---|

| Name, Address, and Telephone No. of Attorney or Party. If Not Represented.<br>RICHARD HOLMES<br>P.O. BOX 4804<br>MONTGOMERY, AL 36103<br><br>Attorney Bar No.:  HOL124 | ☑ Oral Arguments Requested |
|---|---|

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| | ☐ Exstension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☑ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $ _____ | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | Date:<br>6/6/2007 10:31:59 AM | Signature of Attorney or Party:<br>/s RICHARD HOLMES |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.



ELECTRONICALLY FILED
6/6/2007 10:39 AM
CV-2007-000007.00
CIRCUIT COURT OF
CHAMBERS COUNTY, ALABAMA
CHARLES STORY, CLERK

## IN THE CIRCUIT COURT OF
## CHAMBERS COUNTY, ALABAMA

| | |
|---|---|
| **WEST CHAMBERS FIRE AND RESCUE,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**MIKE PATTON MOTORS, INC.,** )<br>**FORD MOTOR COMPANY, INC.,** )<br>**NICK LOPER,** )<br>)<br>**Defendants.** ) | **CIVIL ACTION NO. CV-07-07**<br><br>**ORAL ARGUMENT REQUESTED** |

### SUPPLEMENTAL MOTION TO DISMISS AND/OR MOTION TO TRANSFER VENUE OF DEFENDANT MIKE PATTON MOTORS, INC.

**COMES NOW** Defendant Mike Patton Motors, Inc., by and through its undersigned attorneys, without waiving any arbitration agreement that may exist under any and all contracts between the parties, and moves this Honorable Court to dismiss Plaintiff's Complaint, as amended, and each Count contained therein, separately and severally, or in the alternative, to transfer venue of the case to the Circuit Court of Lee County, Alabama. In support of this supplemental motion, Defendant sets forth the following grounds, to wit:

1. Defendant Mike Patton Motors, Inc. hereby adopts and expressly incorporates as if fully set out herein its Motion to Dismiss and/or Motion to Transfer Venue.

2. In support of its Motion to Dismiss and/or Motion to Transfer Venue, Defendant Mike Patton Motors submits the Affidavit of Kim Posey, Office Manager for Mike Patton Motors, Inc., attached hereto as Exhibit "1."

**WHEREFORE**, these premises considered, Defendant Mike Patton Motors, Inc., by and through its undersigned counsel, respectfully requests this Honorable Court to set for hearing this motion and to dismiss the Complaint of Plaintiff and each count contained therein, separately and severally, or alternatively, to transfer venue of this action to the Circuit Court of Lee County, Alabama.

Dated this 6th day of ___June___, 2007.

_____
R. WILL HOLMES (HOL124)
ONE OF THE ATTORNEYS FOR DEFENDANT
MIKE PATTON MOTORS, INC.

OF COUNSEL:

**MORROW, ROMINE & PEARSON, P. C.**
**122 South Hull Street**
**P. O. Box 4804**
**Montgomery, Alabama 36103-4804**
**Telephone:  (334) 262-7707**
**Facsimile:   (334) 262-7742**

**DEFENDANT REQUESTS ORAL ARGUMENT ON THIS MOTION.**

_____
OF COUNSEL

2

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by electronic transmission, facsimile and placing a copy of the same in the United States mail, first class postage prepaid on this the ___6th___ day of ___June___, 2007.

Hon. Nicholas Wooten
WOOTEN LAW FIRM, P.C.
P.O. Drawer 290
Lafayette, AL 36862
Facsimile: (334) 864-2133

Hon. Floyd D. Gains
Hon. Andrew P. Walsh
GAINES, LLC
2100 Morris Avenue
Post Office Box 395
Birmingham, AL 35203
Facsimile: (205) 320-2811

**OF COUNSEL**

3



ELECTRONICALLY FILED
6/6/2007 10:39 AM
CV-2007-000007.00
CIRCUIT COURT OF
CHAMBERS COUNTY, ALABAMA
CHARLES STORY, CLERK

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | | |
|---|---|---|
| **WEST CHAMBERS FIRE AND RESCUE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. CV-07-07** |
| | ) | |
| **MIKE PATTON MOTORS, INC.,** | ) | |
| **FORD MOTOR COMPANY, INC.,** | ) | |
| **NICK LOPER** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

### AFFIDAVIT OF KIM POSEY

| | |
|---|---|
| **STATE OF ALABAMA** | * |
| | * |
| **COUNTY OF LEE** | * |

BEFORE ME, <u>Marcia F. Morcus</u> a Notary Public in and for said County and State, personally appeared **Kim Posey**, office manager for Mike Patton Motors Inc., who is known to me, and who, after first being duly sworn, did state as follows:

1    My name is Kim Posey, and I am over the age of twenty-one (21) years. I am a resident of the State of Alabama, and I execute this affidavit for the purpose of this above-styled lawsuit.

2    I base this affidavit on my personal review and examination of the business records of Mike Patton Motors, Inc and the Complaint. I am currently the Office Manager for Mike Patton Motors, Inc., and I am a custodian of all records

3    Mike Patton Motors, Inc. is located at 801 Columbus Parkway, Opelika Alabama 36801. Mike Patton Motors, Inc's principal place of business in Alabama is located in Opelika, Alabama in Lee County. Defendant Mike Patton Motors, Inc does not



EXHIBIT

1

do business by agent or employee in Chambers County, Alabama

 4 With regard to any events or omission alleged by the Plaintiff in its Complaint any and all of the events or omissions alleged by Plaintiff are alleged to have occurred in Lee County, Alabama  A true and correct copy of business records kept in the regular course of business of Mike Patton Motors, Inc  and made at or near the time of the event they memorialize are attached hereto as Exhibit "1."  Exhibit "1" is a service ticket for the work performed on the vehicle made the basis of this lawsuit  That service ticket was generated for work performed in Lee County, Alabama at 801 Columbus Parkway, Opelika, Alabama 36801  In fact, Plaintiffs brought the truck to Mike Patton Motors, Inc  in Lee County, Alabama

 5. Any and all calls placed to the Ford Hotline by Mike Patton Motors, Inc  were placed from Lee County, Alabama

 6. Mike Patton Motors, Inc  does not do business by agent in Chambers County Mike Patton Motors, Inc. is not licensed to do business in Chambers County, Alabama Mike Patton Motors does not maintain a place of business in Chambers County, Alabama Any and al employees of Mike Patton Motors, Inc  that inspected or examined the vehicle are residents of Lee County, Alabama

 7 Lee County is a significantly more convenient forum because Mike Patton Motors, Inc. is located in and has its principal place of business in Alabama in Lee County, Alabama  The documents and records involved in this litigation are located in Lee County Any and all Mike Patton Motors, Inc  employees involved are residents of Lee County, Alabama  The events or omissions  alleged by Plaintiff are alleged to have occurred in Lee County and the action should be transferred to Lee County in the interests of justice

Further the affiant sayeth naught

_Kim Posey_
**Kim Posey**

STATE OF ___A L___          *

                            *

COUNTY OF ___at Range___    *

Sworn to and subscribed to before me this the _1_ day of ___June___, 2007

_Marcia J. Morris_
Notary Public

(SEAL)                      My Commission Expires: _____

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: July 16, 2007
BONDED THRU NOTARY PUBLIC UNDERWRITERS

MAY 17 2007  7:54PM                                    NO 258   P 2

          2341259               54970        **MIKE PATTON**

                             ACCOUNTING         Ford Chrysler-Dodge
FIRE DEPT CHAMBRES CO                            801 Columbus Parkway
MAIN ST                                          Opelika, AL 36801
LAFAYETTE, AL 36862            PAGE 1            (334) 749-8113
HOME:         BUS:                              www.mikepattonauto.com
                             SERVICE ADVISOR: 441 JERRY L DOWDELL

|  | 01 | FORD F450 |  | 1FDXW47FX1EB62295 |  | 94745/94745 | T6449 |

| 01JAN01 IS | 01JAN2001 | 17:00 07APR06 |  | 0.00 | CASH | 14APR06 |

OPTIONS:  ENG:7.3_Liter_D-TURBO-DI

07:34 28FEB06   13:45 14APR06

LINE OPCODE TECH TYPE A/HRS S/HRS   COST   SALE COMP   LIST      NET      TOTAL

CAUSE: 94745 RAN EEC TEST KOER HAD CYLINDER BALANCE CODES FOR #6 & #8
       REMOVED VAL

         FOR #6 & #8 REPLACED INJECTORS

              WF 21.03  0.00     0      0              0.00     0.00

              WF  4.45  0.00     0      0              0.00     0.00

         NOZZLE ASY              28900  40460   0   404.60    404.60   404.60

         NOZZLE ASY              27525  38535   0   385.35    385.35   385.35

         LUBRICITY ENEA            374    524   0     6.24      5.24     5.24

         & GASKET - OIL F          891   1247   0    19.80     12.47    12.47

         ENGINE                   3576   5007   0    16.69     16.69    50.07

         INSTALL OR REPLACE (9E527/9F593) - L

              WF  0.00  1.90    4275  11721            117.21   117.21

         ENGINE - DIAGNOSIS - L

              WF  0.00  0.20     450   1234            12.34    12.34

              489 KIRBY,JASON KEITH LIC#: 5751

         6005F2 KEY ON ENGINE OFF - KOEO INJECTOR

              489 KIRBY,JASON KEITH LIC#: 5751

ON BEHALF OF SERVICING DEALER, I HEREBY CERTIFY THAT THE INFORMATION CONTAINED HEREON IS ACCURATE UNLESS OTHERWISE SHOWN SERVICES DESCRIBED WERE PERFORMED AT NO CHARGE TO OWNER. THERE WAS NO INDICATION FROM THE APPEARANCE OF THE VEHICLE OR OTHERWISE THAT ANY PART REPAIRED OR REPLACED UNDER THIS CLAIM HAD BEEN CONNECTED IN ANY WAY WITH ANY ACCIDENT, NEGLIGENCE OR MISUSE RECORDS SUPPORTING THIS CLAIM ARE AVAILABLE FOR (1) YEAR FROM THE DATE OF PAYMENT NOTIFICATION AT THE SERVICING DEALER FOR INSPECTION BY MANUFACTURER'S REPRESENTATIVE.

STATEMENT OF DISCLAIMER
The factory warranty constitutes all of the warranties with respect to the sale of this item/items. The Seller hereby expressly disclaims all warranties either express or implied, including any implied warranty of merchantability or fitness for a particular purpose. Seller neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of this item/items.

(SIGNED)  DEALER, GENERAL MANAGER OR AUTHORIZED PERSON    (DATE)     CUSTOMER SIGNATURE

| LABOR AMOUNT |  |
| PARTS AMOUNT |  |
| GAS, OIL, LUBE |  |
| SUBLET AMOUNT |  |
| MISC. CHARGES |  |
| TOTAL CHARGES |  |
| LESS INSURANCE |  |
| SALES TAX |  |
| PLEASE PAY THIS AMOUNT |  |

**EXHIBIT**
1

CASH COPY

MAY 17 2007 7:55PM                                        NO 258    P 3

2341259                54970          **MIKE PATTON**

ACCOUNTING              Ford Chrysler-Dodge
FIRE DEPT CHAMBRES CO                             801 Columbus Parkway
MAIN ST                                           Opelika, AL 36801
LAFAYETTE, AL 36862              PAGE 2           (334) 749-8113
HOME:          BUS:                              www.mikepattonauto.com

SERVICE ADVISOR: 441 JERRY L DOWDELL

| | 01 | FORD F450 | 1FDXW47FK1EB62295 | | 94745/94745 | T6449 |

| 01JAN01 IS | 01JAN2001 17:00 07APR06 | | 0.00 | CASH | 14APR06 |

OPTIONS:   ENG:7.3 Liter D-TURBO-DI

07:34 28FEB06  13:45 14APR06
LINE OPCODE TECH TYPE A/HRS S/HRS    COST    SALE  COMP    LIST       NET     TOTAL

6005F6 KEY ON ENGINE RUNNING - KOER CHECK - TEST

489 KIRBY,JASON KEITH LIC#: 5751

6005F7 INJECTION CONTROL PRESSURE - TEST - L

WF   0.00  0.20     450   1234                12.34    12.34

CLAIM TYPE:

5751               5850   16040 TLABOR

INJECTORS,CHANGED OIL AND FILTER TRUCK STILL RAN ROUGH REMOVED VALVE

REMOVED HEAD TO INSPECT VALVE TRAIN NO PROBLEMS FOUND THERE RAN OASIS

CYLINDER WALLS ALSO LOOK AT TURBO CHARGER BOTH CYLINDERS AND TURBO WERE

AND WAS TOLD THAT FORD WOULD NOT WARRANTY AN ENGINE DUE TO WHAT FORD

MUCH DELIBERATION WAS TOLD TO PUT THE TRUCK BACK TOGETHER AND OTHER

HEAD GASKET AND EXHAUST BOLTS CHANGED OIL AND FILTER REFILLED COOLANT.

B** ENGINE LACKS POWER WHILE DRIVING

FOUND EXCESSIVE WEAR ON ENGINE WALLS CAUSING

HOTLIN

CF   0.00  8.00   18000   38000                380.00   380.00

1 F81Z*9N184*AA ELEMENT    2654    6347     0    63.47    63.47    63.47

ON BEHALF OF SERVICING DEALER, I HEREBY CERTIFY THAT THE
INFORMATION CONTAINED HEREIN IS ACCURATE UNLESS OTHERWISE
SHOWN. SERVICES DESCRIBED WERE PERFORMED AT NO CHARGE TO
OWNER. THERE WAS NO INDICATION FROM THE APPEARANCE OF THE
VEHICLE OR OTHERWISE, THAT ANY PART REPAIRED OR REPLACED
UNDER THIS CLAIM HAD BEEN CONNECTED IN ANY WAY WITH ANY
ACCIDENT, NEGLIGENCE OR MISUSE. RECORDS SUPPORTING THIS
CLAIM ARE AVAILABLE FOR (1) YEAR FROM THE DATE OF PAYMENT
NOTIFICATION AT THE SERVICING DEALER FOR INSPECTION BY
MANUFACTURER'S REPRESENTATIVE

STATEMENT OF DISCLAIMER

| DESCRIPTIONS | TOTALS |
|---|---|
| LABOR AMOUNT | |
| PARTS AMOUNT | |
| GAS, OIL, LUBE | |
| SUBLET AMOUNT | |
| MISC. CHARGES | |
| TOTAL CHARGES | |
| LESS INSURANCE | |
| SALES TAX | |
| PLEASE PAY THIS AMOUNT | |

(SIGNED)   DEALER, GENERAL MANAGER OR AUTHORIZED PERSON   (DATE)     CUSTOMER SIGNATURE

**CASH COPY**

MAY 17 2007  7:56PM                                        NO 258   P 4

2341259                    5 4 9 7 0            **MIKE PATTON**

                          ACCOUNTING              Ford Chrysler Dodge
FIRE DEPT CHAMBRES CO                             801 Columbus Parkway
MAIN ST                                           Opelka, AL 36801
LAFAYETTE, AL 36862              PAGE 3           (334) 749-8113
HOME:        BUS:                                 www.mikepattonauto.com
                          SERVICE ADVISOR: 441 JERRY L DOWDELL

| | 01 | FORD F450 | 1FDXW47FX1EB62295 | | 94745/94745 | T6449 |
|---|---|---|---|---|---|---|

| 01JAN01 IS | 01JAN2001 17:00 07APR06 | | 0.00 | CASH | 14APR06 |
|---|---|---|---|---|---|

OPTIONS: ENG:7.3_Liter_D-TURBO-DI

07:34 28FEB06  13:45 14APR06

| LINE | OPCODE TECH TYPE A/HRS S/HRS | COST | SALE | COMP | LIST | NET | TOTAL |
|---|---|---|---|---|---|---|---|
| | CYLINDER HEAD | 5012 | 8482 | 0 | 84.82 | 84.82 | 84.82 |
| | FLANGED | 552 | 1214 | 0 | 6.07 | 6.07 | 12.14 |
| 1 | VC*5* ANTI-FREEZE | 750 | 1320 | 0 | 13.20 | 13.20 | 13.20 |
| | ENGINE | 3576 | 4464 | 0 | 15.90 | 14.88 | 44.64 |

DUSTING. THIS HAPPEN WHEN EXCESS DUST AND

489 KIRBY,JASON KEITH LIC#: 5751

M ADVISED BY FORD TECH HOTLINE THAT FORD WOULD

POSSIBLE LACK OF MAINT.

| | CF  0.00  0.00 | 0 | | 0 | | 0.00 | 0.00 |
|---|---|---|---|---|---|---|---|

ENGINE BACK TOGETHER SO THAT VEH COULD BE

489 KIRBY,JASON KEITH LIC#: 5751

94745

| DATE | START | FINISH | DURATION | TYPE | TECH | LINE(S) | CHG |
|---|---|---|---|---|---|---|---|
| 03-02-06 | 12:41 | 17:00 | 4.32 | W | 489 | A | |
| 03-06-06 | 07:13 | 11:11 | 3.96 | W | 489 | A | |
| 04-05-06 | 16:22 | 16:46 | 0.40 | W | 456 | A | |

ON BEHALF OF SERVICING DEALER, I HEREBY CERTIFY THAT THE
INFORMATION CONTAINED HEREON IS ACCURATE UNLESS OTHERWISE
SHOWN SERVICES DESCRIBED WERE PERFORMED AT NO CHARGE TO
OWNER. THERE WAS NO INDICATION FROM THE APPEARANCE OF THE
VEHICLE OR OTHERWISE, THAT ANY PART REPAIRED OR REPLACED
UNDER THIS CLAIM HAD BEEN CONNECTED IN ANY WAY WITH ANY
ACCIDENT, NEGLIGENCE OR MISUSE. RECORDS SUPPORTING THIS
CLAIM ARE AVAILABLE FOR (1) YEAR FROM THE DATE OF PAYMENT
NOTIFICATION AT THE SERVICING DEALER FOR INSPECTION BY
MANUFACTURER'S REPRESENTATIVE.

STATEMENT OF DISCLAIMER
The factory warranty constitutes all
of the warranties with respect to
the sale of this item/items. The
Seller hereby expressly disclaims all
warranties either express or
implied, including any implied
warranty of merchantability or
fitness for a particular purpose,
Seller neither assumes nor
authorizes any other person to
assume for it any liability in
connection with the sale of this
item/items.

(SIGNED)  DEALER, GENERAL MANAGER OR AUTHORIZED PERSON  (DATE)

CUSTOMER SIGNATURE

| DESCRIPTION | |
|---|---|
| LABOR AMOUNT | |
| PARTS AMOUNT | |
| GAS, OIL, LUBE | |
| SUBLET AMOUNT | |
| MISC. CHARGES | |
| TOTAL CHARGES | |
| LESS INSURANCE | |
| SALES TAX | |
| PLEASE PAY THIS AMOUNT | |

CASH COPY

MAY 17 2007  7:57PM                                        NO 258   P 5

2341259                    5 4 9 7 0          **MIKE PATTON**
                           ACCOUNTING              Ford Chrysler-Dodge
FIRE DEPT CHAMBRES CO                              801 Columbus Parkway
MAIN ST                                            Opelika, AL 36801
LAFAYETTE, AL 36862              PAGE 4            (334) 749-8113
HOME:          BUS:                               www.mikepattonauto.com

SERVICE ADVISOR: 441 JERRY L DOWDELL

| | YEAR | MAKE/MODEL | VIN | LICENSE | TAG |
|---|---|---|---|---|---|
| | 01 | FORD F450 | 1FDXW47FX1EB62295 | 94745/94745 | T6449 |

| DEL DATE | PROD DATE | WARR EXP | PROMISED | PO NO | RATE | PAYMENT | INV DATE |
|---|---|---|---|---|---|---|---|
| 01JAN01 IS | 01JAN2001 | 17:00 07APR06 | | 0.00 | CASH | | 14APR06 |

OPTIONS:  ENG:7.3 Liter D-TURBO-DI

07:34 28FEB06   13:45 14APR06

| LINE | OPCODE | TECH | TYPE | A/HRS | S/HRS | COST | SALE | COMP | LIST | NET | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|

| ACCOUNT | SALE | COST | CONTROL | ACCOUNT | SALE | COST | CONTROL |
|---|---|---|---|---|---|---|---|
| 44204 | 16040 | 5850 | | 47204 | 85773 | 61266 | |
| | | | | 20404 | 85675 | | |
| 22004 | 91813 | ****** | | 20400 | 85675 | ****** | |

CUSTOMER PAY DEDUCTIBLE NO TAX A

COST, SALE, & COMP TOTALS    104057  177488    0

ON BEHALF OF SERVICING DEALER, I HEREBY CERTIFY THAT THE INFORMATION CONTAINED HEREON IS ACCURATE UNLESS OTHERWISE SHOWN, SERVICES DESCRIBED WERE PERFORMED AT NO CHARGE TO OWNER, THERE WAS NO INDICATION FROM THE APPEARANCE OF THE VEHICLE OR OTHERWISE, THAT ANY PART REPAIRED OR REPLACED UNDER THIS CLAIM HAD BEEN CONNECTED IN ANY WAY WITH ANY ACCIDENT, NEGLIGENCE OR MISUSE RECORDS SUPPORTING THIS CLAIM ARE AVAILABLE FOR (1) YEAR FROM THE DATE OF PAYMENT NOTIFICATION AT THE SERVICING DEALER FOR INSPECTION BY MANUFACTURER'S REPRESENTATIVE

STATEMENT OF DISCLAIMER
The hereby warranty constitutes all of the warranties with respect to the sale of this item/items. The Seller hereby expressly disclaims all warranties either express or implied, including any implied warranty of merchantability or fitness for a particular purpose. Seller neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of this item/items.

| DESCRIPTION | AMOUNT |
|---|---|
| LABOR AMOUNT | 380.00 |
| PARTS AMOUNT | 376.75 |
| GAS, OIL, LUBE | 0.00 |
| SUBLET AMOUNT | 0.00 |
| MISC. CHARGES | 100.00 |
| TOTAL CHARGES | 856.75 |
| LESS INSURANCE | 0.00 |
| SALES TAX | 0.00 |
| PLEASE PAY THIS AMOUNT | |

(SIGNED)    DEALER, GENERAL MANAGER OR AUTHORIZED PERSON    (DATE)        CUSTOMER SIGNATURE

CASH COPY

# Exhibit F

*ORIGINAL*

# IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | | |
|---|---|---|
| WEST CHAMBERS FIRE AND RESCUE,<br>Plaintiff, | )<br>)<br>) | |
| vs. | )<br>) | Case No. CV-07-007 |
| MIKE PATTON MOTORS, INC., FORD<br>MOTOR COMPANY, INC., NICK LOPER,<br>Defendants. | )<br>)<br>)<br>) | |

## O R D E R

The Motion to Dismiss and/or Motion to Transfer Venue of Defendant Mike Patton

Motors, Inc. and Supplement thereto shall be scheduled for hearing before this Court on **July 26,**

**2007, at 9:00 a.m.**

The Clerk of the Court is directed to mail a copy of this Order to counsel of record and

any party appearing pro se.

SIGNED this 19th day of June, 2007.

_____
TOM F. YOUNG, JR.
Circuit Judge

FILED IN OFFICE THIS

JUN 2 1 2007

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

# Exhibit G

ORIGINAL

# IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| **WEST CHAMBERS FIRE AND RESCUE** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 07-7** |
| **MIKE PATTON MOTORS, INC.,**<br>**FORD MOTOR COMPANY, INC., and**<br>**NICK LOPER** | ) | |
| **Defendants.** | ) | |

## ORDER

On joint motion of the parties, the defendant Mike Patton Motors, Inc. is dismissed from this action *without* prejudice.

Let a copy of this Order issue to all interested parties.

Done this the 26th day of July 2007

_____
CIRCUIT JUDGE

FILED IN OFFICE THIS

JUL 2 6 2007

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

# Exhibit H

**IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA**

| | |
|---|---|
| **WEST CHAMBERS FIRE AND RESCUE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO: CV 07-007** |
| **v.** ) | |
| ) | |
| **MIKE PATTON MOTORS, INC.;** ) | |
| **FORD MOTOR COMPANY, INC.;** ) | |
| **NICK LOPER** ) | |
| ) | |
| **Defendants.** ) | |

<u>**NOTICE TO STATE COURT CLERK OF FILING NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. § 1446(d), Defendants Ford Motor Company and Nick Loper hereby

give notice to the Clerk of this Court that they have this day filed a Notice of Removal pursuant to

which they have removed this case to the United States District Court for the Middle District of

Alabama, Eastern Division. A copy of the notice of removal (without exhibits) is attached hereto as

Exhibit A.

Floyd D. Gaines (GAI009)
Andrew P. Walsh (WAL170)
Attorneys for Defendants

OF COUNSEL:

GAINES LLC
2100 Morris Avenue
Post Office Box 395
Birmingham, Alabama 35203
Telephone: (205) 320-2800
Facsimile:  (205) 320-2811

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by first class, United States Mail, postage prepaid and properly addressed on this the *23 rd* day of August, 2007 as follows:

Nicholas Wooten, Esq.
Firm Wooten Law Firm, P.C.
P.O. Drawer 290
Lafayette , AL 36862

OF COUNSEL

2

# Exhibit I

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **WEST CHAMBERS FIRE AND RESCUE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO:** _3:07 CV 758 - MEF_ |
| | ) | |
| **v.** | ) | |
| | ) | **STATE COURT NO.** |
| **FORD MOTOR COMPANY, INC.;** | ) | **Chambers County, Ala. Cir. Ct.** |
| **NICK LOPER** | ) | **CV-07-007** |
| | ) | |
| **Defendants.** | ) | |

## NOTICE TO PLAINTIFF OF REMOVAL

Pursuant to 28 U.S.C. § 1446(d), Defendants Ford Motor Company and Nick Loper hereby give this written notice that they have filed, in the United States District Court for the Middle District of Alabama, Southern Division, a Notice of Removal to remove the above-captioned case from the Circuit Court of Chambers County, Alabama.

Floyd D. Gaines (GAI009)
Andrew P. Walsh (WAL170)
Attorneys for Defendants

OF COUNSEL:

GAINES LLC
2100 Morris Avenue
P.O. Box 395
Birmingham, Alabama 35201-0395
Telephone: (205) 320-2800
Facsimile:  (205) 320-2811

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by first class, United States Mail, postage prepaid and properly addressed on this the 23ʳᵈ day of August, 2007 as follows:

> Nicholas Wooten, Esq.
> Firm Wooten Law Firm, P.C.
> P.O. Drawer 290
> Lafayette , AL 36862

OF COUNSEL

2

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000221
Cashier ID: khaynes
Transaction Date: 08/24/2007
Payer Name: GAINES LLC
-----------------------------------
CIVIL FILING FEE
 For: GAINES LLC
 Case/Party: D-ALM-3-07-CV-000758-001
 Amount:        $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 2444
 Amt Tendered:  $350.00
-----------------------------------
Total Due:       $350.00
Total Tendered: $350.00
Change Amt:      $0.00

3:07-CV-000758-MEF


WEST CHAMBERS FIRE AND RESCUE V.
MIKE PATTON MOTORS, INC. ET AL
```